**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| A. Johnson Co. Conditional Use Permit | } | Docket No. 130-7-05 Vtec |
| (Appeal of Langrock & Decker) | } | |
| | } | |

## Decision on Pending Motions to Dismiss and to Deem Application Approved

This matter concerns an appeal and cross-appeal from the June 20, 2005 Decision of the Town of Salisbury (Town) Development Review Board (DRB), granting conditional use approval for a sand and gravel operation on Upper Plains Road. Peter Langrock, Esq. and Dawn Decker, who are abutting landowners, filed the initial appeal and represent themselves. The A. Johnson Company, LLC (hereinafter alternatively referred to as "Applicant" or "Johnson"), filed a cross-appeal and is represented by Karl W. Neuse, Esq. The Town has also appeared and actively participated in this appeal; it is represented by Donald R. Powers, Esq.

Three other individuals also filed pro se appearances in this proceeding: Carol Cameron Wieland, Margaret Julia "Julie" Dawson, and William E. Maltais (hereinafter collectively referred to as "Interested Persons"). Mr. Maltais also filed his own appeal of the June 20th DRB Decision, and his own Statement of Questions.

This case has a longer procedural history than its single docket number suggests. An appeal and cross-appeal was first filed in December 2003 from the DRB's prior grant of conditional use approval for this same project. See In re: Appeal of The A. Johnson Company, Docket No. 220-12-03 Vtec (Vt. Envtl. Ct., Dec. 23, 2004). In that Decision, this Court remanded the application back to the DRB for further consideration. That remand was ultimately followed by the DRB's June 20, 2005 Decision, from which the pending appeal and cross-appeals were taken.

There are two[1] pre-trial motions now pending for the Court's consideration, both filed on Applicant's behalf. The first seeks dismissal of the Interested Persons as parties to this appeal; the second seeks to have Johnson's application "deemed approved" under the legal doctrine codified in 24 V.S.A. § 4468. We address those motions in that order.

## I. Dismissal of Interested Persons

For purposes of review of the pending motion to dismiss, we first note that the three Interested Persons actually fall into two categories: Mr. Maltais filed his own Notice of Appeal on July 18, 2006, and filed his Statement of Questions on August 5, 2005. He is therefore identified on the Court's docket as a cross-appellant. Ms. Wieland and Ms. Dawson each filed their respective Notices of Appearance, but have not asserted that they are appellants in this proceeding, nor have they filed their own Statement of Questions. We therefore address the challenge to Mr. Maltais' status as a party separately from the two Interested Persons.

Before doing so, we first note some common points. Under our procedural rules, the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), an individual who files a timely appearance and participated in the proceedings below is "automatically accorded" party status in proceedings before this Court. V.R.E.C.P. 5(d)(2). Their status may be challenged by motion, as Johnson has done here. Id.

Further, a person who wishes to obtain party status in an Environmental Court proceeding, either as an appellant or interested person, must meet one or more of the definitions of "interested person" in 24 V.S.A. § 4465. In order for an interested person to appear in an appeal to this Court, they must also have participated in the proceeding below. See 10 V.S.A. §§ 8504(b)(1), 8504(n); 24 V.S.A. § 4471. Johnson asserts that neither of the two Interested Persons nor Cross-Appellant Maltais meets the definition

---

[1] Appellant's request for enlargement of time is addressed by separate Entry Order, issued along with this Decision.

of "interested person" contained in 24 V.S.A. § 4465(b)(3). Johnson's challenge is noteworthy for its brevity; Johnson's sole assertion is that neither of the Interested Persons, nor Cross-Appellant Maltais, "own[] or occupy[] property in the immediate neighborhood," as that term is used in the statute.

To interpret "immediate neighborhood," this Court has examined not only the proximity of the challenged party's property to the project on appeal, but also whether they potentially could be affected by any aspects of the project which have been preserved for review on appeal. See In re Appeal of Stanak and Mulvaney, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct., Oct. 15, 2001) (citing In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., Aug. 3, 1995); In re Appeal of Daniels, Docket No. 58-4-99 Vtec (Vt. Envtl. Ct., Sept. 12, 2000); and In re Appeal of Gulli, Docket No. 135-6-00 Vtec (Vt. Envtl. Ct., Mar. 22, 2001)). Essentially, the determination of whether an interested person lives in the "immediate neighborhood" is made on a case-by-case basis and largely depends on the physical environment surrounding the project property and its nexus to a particular interested person and their property.

Having noted these common points, we now address the specific challenges made to the standing of each Interested Person and Cross-Appellant Maltais.

### A.     Challenge to Wieland and Dawson

Ms. Wieland and Ms. Dawson have both filed objections to Johnson's motion to dismiss them as parties. Johnson asserts that neither Wieland nor Dawson own or occupy property in the "immediate neighborhood." 24 V.S.A. § 4465(b)(3).

Wieland and Dawson, as the non-moving parties, are entitled to have accepted as true "all reasonable inferences" in their pleadings and to have accepted as false "all contravening assertions" in Johnson's pleadings. Richards v. Town of Norwich, 169 Vt. 44, 49 (1999).

Ms. Wieland lives with her school-age daughter at the intersection of Upper Plains Road and Route 53, approximately one mile from the proposed project site.

Trucks going to and coming from Johnson's property will pass through this intersection. Johnson does not further explain its contention that Ms. Wieland does not live in the "immediate neighborhood" for purposes of its motion to dismiss. We therefore do not believe it appropriate to grant Johnson's motion as to Ms. Wieland.

Ms. Dawson's assertions as to whether she presently resides in the "immediate neighborhood" are a bit more difficult to discern. She represents that she "just recently" began living at the Sullivan "family homestead" with an elderly parent, for whom she is caring. This homestead is located on Route 7. Dawson asserts an interest in the Sullivan homestead by virtue of her status as a beneficiary in a revocable trust that holds title to the Sullivan property, a copy of which she filed with her Objection. Thankfully, we do not need to determine if this contingent interest in real estate is sufficient grounds for interested person status, since § 4465(b) speaks to someone who "own[s] or occup[ies]" property in the immediate neighborhood. Ms. Dawson appears to satisfy the latter requirement for interested person status.

The distance between the two properties, either by road or as the crow flies, is not discernable from the tax maps Dawson filed, but it appears that the Sullivan homestead property abuts to the west the Town "Landfill" property, which the Johnson parcel abuts to the north. Without more contravening evidence, we cannot conclude that Dawson is outside of Johnson's "immediate neighborhood" and therefore decline to dismiss Dawson as a party.

We take this opportunity to note for all parties that while this appeal will be heard <u>de novo</u>, pursuant to V.R.E.C.P. 5(g), the issues to be reviewed in this appeal are limited to those presented in the Statement of Questions filed by Appellants and Cross-Appellant Johnson. V.R.E.C.P. 5(g) restricts a party from "rais[ing] any question on the appeal not presented in the statement [of questions] as filed, unless otherwise ordered by the court in a pretrial order . . . ."

We note this restriction on the issues that parties may present in an appeal because it appears that Wieland and Dawson wish to raise issues beyond the issues preserved by Appellants and Cross-Appellant in their Statement of Questions. We recognize that Wieland and Dawson have sincere concerns about how this project may impact them and their property, including impact to ground water and traffic safety, but we also must respect our jurisdictional limits. We therefore take this opportunity to advise all parties that the Court will only allow evidence and claims to be presented at trial that are relevant to the issues preserved in the Statement of Questions already filed.

### B.     Challenge to Maltais

It appears undisputed that Mr. Maltais participated in the DRB proceedings below, and therefore satisfies the provisions of 24 V.S.A. § 4471(a). However, Mr. Maltais appears to concede that he does not reside in the "immediate neighborhood."[2] Thus, he appears to not fit the statutory definition of "interested person" under 24 V.S.A. § 4465(b)(3).

Given that Mr. Maltais is a pro se litigant in this matter, we recognize this Court's obligation to assure that he is not unfairly taken advantage of in the course of this proceeding. Bingham v. Tenney, 154 Vt. 96, 100 (1990) (citing Vahlteich v. Knott, 139 Vt. 588, 591 (1981)). However, in reviewing Mr. Maltais' objection to the pending motion, we cannot find that he fits the other definitions of "interested person" in 24 V.S.A. § 4465(b). Mr. Maltais reports that he participated in the proceedings below, is a concerned taxpayer, has some experience in the construction industry, questions the adequacy of the impact fees imposed by the DRB, and fears that this inadequacy will cause the Town to defer necessary road maintenance until sometime in the future. Mr.

---

[2] Mr. Maltais' address is given as 272 West Shore Road. The Court cannot determine how far away from Johnson's project site Mr. Maltais resides, but interprets his Objection to Appellant's Motion to Dismiss as conceding that he does not reside in the neighborhood immediate to the project site.

Maltais also concedes that his "property is not directly impacted by truck traffic" from Johnson's existing project.

We recognize this Court's obligation to assure that individuals who satisfy the statutory definition of interested persons have the opportunity to participate in appeal proceedings on proposed projects that may directly impact them or their property. To restrict such parties from participating in the appeals that come before us could jeopardize the very integrity of this Court. But to allow individuals to participate in appeals that do not have standing under the applicable statutes or our Rules can also dilute the integrity of Environmental Court proceedings. We therefore are compelled to dismiss parties, such as Mr. Maltais, who do not satisfy the definitions of interested person.

## II.      Request to Deem Application Approved

Johnson asserts that the DRB violated 24 V.S.A. § 4468 by not conducting a hearing within sixty days of this Court's remand in the prior appeal, Docket No. 220-12-03 Vtec. Section 4468 provides that an appropriate municipal panel (AMP) must conduct a hearing "within 60 days of the filing of a notice of appeal under section 4465 of this title." But § 4465 speaks only to appeals that an AMP receives from decisions of a municipal administrative officer; it does not speak to appeals to this Court, or to remands of appeals from this Court.

We would hope that AMPs would act promptly when an appeal is remanded back to the AMP from this Court. The undersigned was not the presiding judge on the remand in Docket No. 220-12-03 Vtec, but notes that there is nothing in the present record that reflects that the DRB here did not act promptly, in light of the circumstances of the remand. What we do know is that the mandate for AMPs to act upon appeals from a town administrative officer's decision within sixty days does not apply to remands from this Court. We therefore must deny Johnson's motion to deem its

application approved, without conditions, as there is no evidence presented that § 4468 was violated here.

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Applicant's motion to dismiss William E. Maltais as a party is **GRANTED**. The motion to dismiss Ms. Wieland and Ms. Dawson is **DENIED**. Lastly, Applicant Johnson's motion to deem its conditional use application approved is **DENIED**.

Given that the schedule for mediation and trial originally established by the Court's Scheduling Order of September 16, 2005, have expired while the Court was considering the pending Motions, the Court has issued a Revised Scheduling Order simultaneously with this Decision.

Done at Berlin, Vermont, this 28th day of March, 2006.

_____
Thomas S. Durkin, Environmental Judge