**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| Cote NOV | } | Docket No. 273-11-06 Vtec |
| | } | |

## Decision on Motion to Dismiss

This appeal arises out of the Town of St. Albans (Town) Development Review Board (DRB) decision to uphold a Notice of Violation issued to Appellant Janet Cote regarding various alleged violations of the St. Albans Town Zoning Bylaws (Bylaws) on her property at 65 Sandy Cove Road.  Appellee the Town of St. Albans has filed a motion to dismiss all but Question 29 of Ms. Cote's thirty-four questions in her Statement of Questions.  Ms. Cote opposes Appellee's motion.   Appellant is pro se; The Town is represented by David A. Barra, Esq.; Interested Persons Leo Bilodeau and John E. Maslar appear pro se.

## Background

1. Ms. Cote owns the property located at 65 Sandy Cove Road in the Town of St. Albans.

2. On July 11, 2006, the Town Zoning Administrator (ZA) issued a Notice of Violation to Ms. Cote for digging a drainage ditch, placing an underground pipe across the top portion of her property such that it drained onto Mr. Maslar's property, and placing over 100 cubic yards of fill in various places on the property — all violations of § 411 of the Bylaws.

3. Ms. Cote appealed the Notice of Violation to the DRB on August 2, 2006.

4. The DRB held a public hearing on the appeal and issued a written decision upholding the Notice of Violation on November 21, 2006.

5. The November 21, 2006 DRB decision is the subject of this appeal.

## Discussion

The Town has filed a motion to dismiss all but Question 29 of Ms. Cote's Statement of Questions.  For the reasons more fully stated below, we conclude that dismissal of all challenged questions is warranted.

On a motion to dismiss, we rely only upon the facts as stated in the Statement of Questions.  See Alger v. Dep't of Labor and Indus., 2006 VT 115, ¶12.  In ruling upon the motion, "we consider whether, taking all of the nonmoving party's factual allegations as true, it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff

[Appellant here] to relief." Id. (internal quotations omitted) (quoting Amiot v. Ames, 166 Vt. 288, 291 (1997)). See also Richards v. Town of Norwich, 169 Vt. 44, 48 (1999). While this standard leads to most motions to dismiss being denied, we conclude that dismissal is appropriate in this case.

**Environmental Court Jurisdiction and the Scope of This Appeal**

The Environmental Court is a court of limited jurisdiction. 4 V.S.A. § 1001(b). To survive a motion to dismiss, the issues an appellant seeks to litigate in this Court must rest on one of the jurisdictional authorizations set forth in § 1001(b). In an appeal such as this one, the Court is limited to a review of the propriety of the Notice of Violation. The Town argues that all but one of the Questions in Ms. Cote's Statement of Questions should be dismissed because they raise issues that are outside the scope of this proceeding. We agree.

Questions 1, 3, 9, and 12 relate to the issue of selective enforcement by the Town against Ms. Cote. Selective enforcement, however, is an affirmative defense to an enforcement action. Appeal of Lovell, Docket No. 194-10-04 Vtec, slip op. at 6 (Vt. Envtl. Ct., Sept. 6, 2005). This is not an enforcement action. Therefore, these questions do not state a basis upon which this Court can grant relief in this appeal. They are therefore DISMISSED.

Yet others of Ms. Cote's Questions relate to her septic system, a subject over which this Court does not presently have jurisdiction. Appeals of decisions of the Health Officer related to septic systems must be filed in Superior Court; this Court so informed Ms. Cote in an earlier proceeding. See Appeal of Janet Cote, Docket No. 257-11-02 Vtec, slip op. at 2 (Vt. Envtl. Ct., Apr. 11, 2003). As such, Questions 7 and 8 fail to raise a claim upon which relief can be granted in this proceeding and are hereby DISMISSED.

Ms. Cote has also raised two Questions related to her attempts to search the public records of the Town Planning and Zoning Departments. While, if true, it is unfortunate that Ms. Cote has had such difficulty accessing public records, nothing in 4 V.S.A. § 1001(b) gives this Court authority to remedy these alleged grievances. Therefore, Questions 17 and 19 are DISMISSED.

Several of Ms. Cote's other Questions request the Court's advice about the compliance with the Bylaws of certain properties or certain parties' actions. As the Vermont Supreme Court has noted, however, "[t]he Vermont Constitution confers judicial authority only to determine actual controversies arising between adverse litigants, and issuing an advisory opinion, even

based on public-interest considerations, would exceed our constitutional mandate." In re S. N., 2007 VT 47, ¶9 (internal quotations omitted). Questions 22, 23, 31, 32, and 34 request impermissible advisory opinions and are therefore DISMISSED.

Ms. Cote's Question 18 asks why the ZA "falsely accuse [sic] J. Cote of removing a poster when J. Cote did not do so?" While Ms. Cote may feel strongly that the ZA acted inappropriately in this alleged incident, this Question does not give rise to any claim this court can adjudicate in this proceeding. Therefore, it is DISMISSED.

**Procedural Issues at the DRB Level**

Several of Ms. Cote's questions relate to the actions of the DRB or of individual Board members – in brief, they appear to question the motivations and/or bias of these Board members and the DRB as a whole. Again, however, the scope of this proceeding is limited to a de novo review of the validity of the Notice of Violation, meaning that this Court is not charged with examining the propriety of the DRB's actions. V.R.E.C.P. 5(g); see also Stowe Highlands PRD, Docket No. 184-8-06 Vtec, slip op. at 2 (Vt. Envtl. Ct., Nov. 2, 2006) ("In a de novo appeal, this Court stands in the place of the decision maker below, and looks anew at the application as if no decision had been rendered below.").[1] Questions 2, 4, 5, 6, 10, 11, 13, 14, 15, 16, 20, 21, 27, 28, and 30 do not raise claims upon which this Court can grant relief in this appeal and are therefore DISMISSED.

**Questions Seeking Legal Advice**

Finally, a number of Ms. Cote's Questions seek legal advice from the Court. While the Court's duty when hearing pro se litigants is to ensure that they are treated fairly, and to prevent other parties from taking "unconscionable advantage" of them by virtue of strict adherence to rules of procedure, Bingham v. Tenney, 154 Vt. 96, 100 (1990), the Court cannot dispense legal advice, even to a pro se litigant. Questions 24, 25, 26, and 33 all seek legal advice regarding Ms. Cote's rights under the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.) and the remedies available to her in this appeal — advice which the Court cannot give.[2] These Questions are therefore DISMISSED.

---

[1] The only exception to this general rule is when there is a claim that invokes a constitutional concern. In re JLD Properties – Wal-Mart St. Albans, Docket No. 132-7-05 Vtec, slip op. at 5 (Vt. Envtl. Ct., Sept. 5, 2006). None of Ms. Cote's Questions raise such a concern.

[2] Should Ms. Cote not wish to seek the advice of counsel on these issues, the Court would strongly encourage her to review the V.R.E.C.P. to aid her in the prosecution of this appeal.

## Conclusion

For the reasons stated above, Appellee's motion for to dismiss is **GRANTED** with respect to Questions 1–28 and 30–34. Question 29 — requesting the reversal of the DRB's decision — remains the only Question at issue in this appeal.[3]

Done at Berlin, Vermont this 22nd day of August, 2007.

_____
Thomas S. Durkin, Environmental Judge

---

[3] To the extent Question 29 relates to Ms. Cote's zoning application, that issue is not within the scope of this NOV appeal and that portion of Question 29 is hereby DISMISSED as well.