# STATE OF VERMONT

SUPERIOR COURT                                                                    ENVIRONMENTAL DIVISION
Environmental Division Unit                                                        Docket No. 9-1-15 Vtec

| Churchview Estates LLC NOV |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Notice of Violation (9-1-15 Vtec)

Title:          Motion for Summary Judgment (Motion 2)
Filer:          Town of Williston
Attorney:      Paul S. Gillies
Filed Date:    August 26, 2015

Statement of Material Facts filed in response

**The motion is DENIED.**

In this matter, Respondent Churchview Estates, LLC appeals a notice of violation from the Town of Williston (Town), which cited Respondent for (1) beginning construction on two duplex units without permits and (2) failing to provide financial guarantees for completion of improvements, as required in Respondent's subdivision permit. In its Statement of Questions, Respondent raises issues of deemed approval; growth management allocations; the Town's authority to deny certificates of occupancy; and the Town's authority to demand financial guarantees.

The Town has moved for summary judgment, summarizing the notice of violation and asserting that Respondent began construction without permits and that it has never provided letters or credit or an escrow agreement. In opposition to the motion, Respondent filed a Statement of Material Facts and no supporting legal brief or memorandum. The Statement of Material Facts can be interpreted to assert that it poured one foundation (not both),[1] that its permits are deemed approved, that it posted an escrow agreement with the Town (though for less than the Town asked for), and that it was only required to provide financial guarantees through 2010.

The Town is represented by Attorney Paul Gillies. Respondent was originally represented by Attorney Guy Babb, but Attorney Babb has since withdrawn. Respondent is

---

[1] Respondent also argues that photos the Town attached to its motion for summary judgment only show construction of foundation drains, which it claims is not a violation.

now pro se, and Rene Thibault, presumably a member of Churchview Estates, LLC, speaks for Respondent.

## Discussion

We will grant a motion for summary judgment if the movant can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). A party arguing that facts are or are not disputed must support its argument with specific citations to particular parts of materials in the record such as depositions, documents, affidavits, and stipulations. V.R.C.P. 56(c)(1)(A). In determining whether there is a dispute of material fact, we will give the non-moving party the benefit of all reasonable doubts and inferences. Wilcox v. Village of Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 196 (1992). When the moving party would bear the burden of proof at trial, the movant must introduce sufficient undisputed facts to satisfy its substantive evidentiary burden. In a notice of violation appeal, the town bears the burden of showing that respondent committed an enforceable violation. Town of Huntington v. Harriman, No. 27-2-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 27, 2011) (Durkin, J.). Courts should not grant summary judgment against pro se defendants just because pro se defendants' disputed facts are "offered in a manner arguably not in compliance with the rule." Bingham v. Tenney, 154 Vt. 96, 101–02 (1990).

With regard to the unpermitted construction issue, we deny summary judgment because the Town has failed to assert any facts showing that Respondent does not have permits by virtue of deemed approval, an issue that Respondent raises in its Statement of Questions and which Respondent asserts again in its opposition to summary judgment. This is a mixed question of law and fact, and it is disputed. If Respondent obtains a court judgment that its permits were deemed approved, this would mean it did not begin construction without "the necessary permits."[2] We therefore deny summary judgment on this aspect of the violation.

With regard to the issue of financial guarantees, we also deny summary judgment because we interpret Respondent's opposition to raise factual disputes about whether it submitted any guarantees and in what amount, and whether financial guarantees were required after 2010. We therefore deny summary judgment on this aspect of the violation as well.

---

[2] Our decision to "exercise [our] discretion and refuse to grand summary judgment," Bingham, 154 Vt. at 101, is also colored by the Town's failure to clearly explain in its motion what laws or requirements Respondent violated. The Town asserted two facts—that Respondent began construction without "the proper permits" and that Respondent never offered any financial guarantees. By way of legal argument, the Town wrote:

> **The Violation.** As Exhibit 2 reveals the present case involves a notice of violation filed against Churchview dated October 15, 2014 for failing to post a letter of credit or escrow agreement guaranteeing completion of all the required public and private improvements and for starting construction of two duplex units without obtaining necessary permits. Exhibit 1 (bylaws); Exhibit 2 (NOV); Exhibit 4 (July 25, 2006 subdivision permit (SUB 04-04)), and as amended June 9, 2009 and July 10, 2012).

We review cases de novo. A summary of what a notice of violation alleged, with general references to (lengthy) attachments, is not sufficient to establish that a violation has actually occurred.

## Conclusion

Because we find there are disputed issues of material fact in this notice of violation appeal, and because the Town fails to establish that it is entitled to judgment as a matter of law, we **DENY** summary judgment to the Town. The Court will schedule a status conference to determine next steps for this case.

**So ordered.**

Electronically signed on February 01, 2016 at 01:09 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Paul S. Gillies (ERN 3786), Attorney for Interested Person Town of Williston
Interested Person John Tardie
Interested Person Christine Tardie
Appellant Churchview Estates, LLC