# STATE OF VERMONT

## SUPERIOR COURT – ENVIRONMENTAL DIVISION

=========================================================================

# E N T R Y   R E G A R D I N G   M O T I O N

=========================================================================

__In re Waitsfield Public Water System Act 250 Permit__          Docket No. 33-2-10 Vtec

(Appeal and Cross-Appeal of Act 250 District Commission determination)

Project:    Waitsfield public water supply well, source lines and facilities

Applicant:   Town of Waitsfield

Title: Motion to Dismiss Cross Appeal (Filing No. 2)

Filed:  June 3, 2010

Filed By: Joseph S. McLean, Attorney for Appellee Town of Waitsfield

Response in Opposition filed on 06/21/10 by Paul S. Gillies, Attorney for Appellant Houston

(No response or other opposition filed by Cross-Appellants)


 _X_  Granted          ___ Denied          ___ Other

This appeal concerns the decision of the Vermont District 5 Environmental Commission ("Commission"), which issued Land Use Permit #5W1511 to the Town of Waitsfield ("Town") for the construction of a municipal public water supply system.  The Commission's initial decision was issued on February 5, 2010 and was appealed by Appellant Virginia Houston on February 19, 2010. A cross appeal was then filed by Hemma Winter and Bernie Von Trapp ("Cross Appellants") on May 21, 2010.  By its pending motion, the Town seeks to have the cross appeal dismissed as untimely filed.  Cross Appellants Winter and Von Trapp have not responded to the pending motion to dismiss; Appellant Houston has filed a response, objecting to dismissal of the cross appeal.  For the reasons explained below, we **GRANT** the dismissal request.

According to our procedural rules, an appeal from a decision of a District Commission must be filed "within 30 days" of the decision being appealed.  V.R.E.C.P. 5(b)(1).  This timeframe may be extended, subject to the Court's discretion, if a party files a motion for an extension of time before the deadline expires.  Id.; V.R.A.P. 4.  After notice of an appeal is filed, appellants then have twenty days in which to file their statement of questions.  V.R.E.C.P. 5(f).  An additional appeal or cross appeal must be filed within fourteen days of appellants' deadline for filing their statement of questions.  V.R.E.C.P. 5(b)(2).

These timelines for the filing of any notice of appeal must be strictly construed, since our Supreme Court has directed that the "[t]imely filing of a notice of appeal is a prerequisite to [an appellate c]ourt's exercise of jurisdiction."  City Bank & Trust v. Lyndonville Sav. Bank & Trust Co., 157 Vt. 666, 666 (1991).  With these requirements in mind, we address the issue of whether Cross Appellants' notice of appeal was timely filed.

This case presents a somewhat unique set of procedural facts, since the first appeal was filed just twelve days after the decision was issued and before the time period for the parties to file a motion to alter with the District Commission had expired. See Act 250 Rule 31(a) ("Any party, or person denied party status, may file within 15 days from the date of a decision of the district commission one and only one motion to alter with respect to the decision, or with respect to the denial of party status."). After Appellants' notice to appeal was filed with this Court, two motions to alter the decision were filed with the Commission. The Commission thereafter issued an altered decision on March 16, 2010. Because the notice of appeal with this Court was filed prematurely, we must now deem it to have been filed on the date of entry of the altered decision, pursuant to V.R.A.P. 4(a). See State v. Kennison, 135 Vt. 238, 239–40 (1977); Baker v. Town of Goshen, 169 Vt. 145, 150–151 (1999). Appellant was then required to file a statement of questions within twenty days, or by April 5, 2010.[1] Any additional appeals or cross appeals were then required to be filed within fourteen days, (i.e., by April 19, 2010).

Cross Appellants did not submit their notice of appeal until May 21, 2010, nor did they file a motion for an extension of time to file their notice of appeal. Therefore, we must deem the cross appeal as not having been timely filed.

We note that Cross Appellants here have chosen to represent themselves and are perhaps unfamiliar with our procedural rules. When self-represented litigants appear before our courts, judges are charged with offering the self-represented litigants assistance and protection so that they do not suffer from the effects of "unfair imposition or unconscionable advantage," due to their inexperience with court procedures and tactics. Vahlteich v. Knott, 139 Vt. 588, 590 (1981) (citing State Highway Board v. Sharrow, 125 Vt. 163, 164 (1951)). But this duty the courts owe to self-represented litigants does not extend to representation or advocacy; a party who chooses to represent themselves is still "subject to the ordinary rules of civil procedure," Id. at 590–91; see also Bloomer v. Gibson, 2007 VT ¶ 14. Failure to file an appeal in a timely manner deprives this Court of the very jurisdiction to entertain the appeal. See Casella Const., Inc. v. Dept. of Taxes, 2005 VT ¶ 3. In the absence of the jurisdictional authority to hear Cross Appellants' appeal, we must dismiss their appeal.

For these reasons, we must **GRANT** the Town's motion and **DISMISS** Cross Appellants Winter and Von Trapp's appeal.

_____    ___September 15, 2010___
    Thomas S. Durkin, Judge                           Date
=======================================================================

---

[1] Appellant Houston filed both her notice to appeal and statement of questions at the same time. However, this does not limit the time allotted to additional appellants and cross-appellants pursuant to V.R.E.C.P. 5(b)(2). ("If a timely notice of appeal is filed, any other person entitled to appeal may file a notice of appeal within 14 days of the date on which the statement of questions is required to be filed pursuant to Rule 5(f)." (emphasis added)).

=======================================================================

Date copies sent to: _____        Clerk's Initials _____

Copies sent to:

   Paul S. Gillies, Attorney for Appellant Virginia Houston

   Richard W. Darby & Christopher J. Nordle, Attorneys for Applicant Jean R. Damon

   Joseph S. McLean, Attorney for the Town of Waitsfield

   Anne F. Whiteley, Attorney for Appellee Vt. Agency of Natural Resources

   Melanie Kehne, Attorney for Vt. Natural Resources Board/LU Panel (FYI purposes only)

   Cross Appellant Hemma Winter

   Cross Appellant Bernie Von Trapp