## State Highway Board
## v.
## Clement Sharrow, et al

[ 212 A.2d 72 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed July 8, 1965

*Louis P. Peck,* Assistant Attorney General, for the State.

*Latham & Eastman* for landowners.

**Barney, J.** Leon D. Limoge and his wife, Thelma, jointly own land bordering U.S. Route 7 at a point in the Town of Georgia where an interchange is proposed to provide controlled access to Interstate 89. It is intended, as part of the taking for the interchange project, to limit access to portions of U. S. Route 7 within the interchange ramp areas. The planned condemnation leaves the Limoges with substantial acreage within and around the interchange area, but confines them to two access ways, one to each of two parcels. The original plans restricted the width of these ways to twenty feet.

In response to the petition of the State Highway Board, and in accordance with the provisions of 19 V.S.A. Chapters 5 and 17 a hearing on the issue of necessity was held. Mr. Limoge attended, and had his appearance noted for the record. He was not then represented by counsel. Mrs. Limoge was defaulted, no appearance having been entered on her behalf.

According to the transcript of the necessity hearing, Mr. Limoge was the only person to raise any question for the record on the project. His objection did not run to the necessity for the construction of the

highway as proposed, but related only to the limitation of access to his land bordering U.S. Route 7, adjacent to the ramps of the Interstate 89 interchange.

When Mr. Limoge expressed his concern about his access rights, the hearing was recessed in order to give him an opportunity to confer with representatives of the Highway Department. At the resumption of the proceedings the court inquired if there was anyone appearing in opposition to the necessity petition. To this Mr. Limoge replied, "No objection, Your Honor, if they do as they said out there."

It developed that he and the Highway Department people had reached an agreement doubling the width of each of his access drives, making them forty feet across. The court directed that the agreement be stated for the record for the protection of the landowner, and that a copy of the statement as given be furnished him. All this was done.

At the close of the hearing the court stated, without contradiction and in the presence of Mr. Limoge, that it understood there was no further objection to the petition. It directed the State Highway Board to prepare an order determining the project to be necessary, and incorporating the Limoge access agreement. None of the record is challenged.

■ Thereafter, Mr. Limoge obtained counsel and filed a notice of appeal. It seems pertinent to quote here the comment of then Justice Cleary, later Chief Justice, in *Richardson & Caldbeck* v. *Persons,* 116 Vt. 413, 414, 77 A.2d 842, with respect to a lay person acting as his own counsel in legal proceedings: "When that occurs and the result is unsatisfactory, the litigant must be given the same consideration as any other, no more and no less."

This is not to say that this Court will permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney. All courts are bound to be scrupulous of the rights of all who appear before them, whether represented or not. But the record here shows absolutely no infringement on the rights of the litigant, and no dissatisfaction on his part, at the time, with either his treatment or the results he accomplished. On the contrary, as has been noted, he clearly stated his agreement for the record.

This leaves the appeal without issue. At the close of the hearing nothing had been preserved for review, and no ruling of the court had been challenged; nothing whatever had been done that represented an opportunity for the trial court to correct its claimed mistake. No

question has been presented. *State* v. *Stone,* 123 Vt. 95, 96, 181 A.2d 840.

The finding of necessity was uncontested. This supplied the statutory ingredient for the judgment, so that, even if this appeal may stand as an attack on the judgment as being without legal basis, it cannot prevail. Jurisdiction over the persons and subject-matter of the litigation are not questioned, and the order, as supported by the finding of necessity, conforms to the call of 19 V.S.A., § 227,

█ Moreover, this issue is not raised by the appealing party. The sole contention seems to be that the trial court should have required the State Highway Board to introduce evidence and furnish testimony on the question of necessity, because Mr. Limoge expressed concern over his rights early in the hearing. His later withdrawal of his objection, we assume, is to be treated as ill-advised, and its effect as a waiver to be ignored. The impossibility of this approach may be illuminated by inquiring for the test by which a court is to determine when a party's representation before it is to be taken as meaningful and binding. The true principle is that a court has the right to consider any party bound by an unequivocal concession or representation unreservedly made before it. See *In re Cartmell Estate,* 120 Vt. 234, 238-9, 138 A.2d 592. In the light of the record before us, the plea for a remand to "prevent a failure of justice" is unfounded.

*Judgment affirmed.*