## Hans Walter Vahlteich and Beverly Vahlteich Daigle v. Pauline Knott and Clyde L. Knott

[433 A.2d 287]

No. 316-78

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Walke & Pratt, P.C.*, Montpelier, for Defendants.

**Billings, J.** This is an appeal by the defendant-appellant Clyde Knott from a default judgment issued against him in an action concerning the location of a boundary line.

Clyde Knott was the owner of record of a parcel of land adjacent to land owned by the plaintiffs. The plaintiffs filed a complaint against Clyde Knott and defendant Pauline Knott, Clyde Knott's daughter, sounding in trespass and ejectment, and seeking damages, a declaration of a boundary line, and injunctive relief.

Clyde Knott did not appear or file an answer to the complaint under V.R.C.P. 11. Pauline Knott, however, appeared pro se, and filed a lengthy answer to the plaintiffs' complaint. Pauline Knott apparently believed that her answer was for her father as well as for herself; her answer included an exhaustive answer to the boundary claims, and she consistently used the plural term "defendants," never using the singular.

On August 24, 1976, a hearing was held to determine whether a temporary injunction should be issued to prohibit the parties from engaging in certain activities within the disputed area. The transcript of this hearing clearly shows that the defendant Pauline Knott was interested in defending the boundary claim. At this hearing, the plaintiffs' attorney stated that the record owner of the disputed area was the defendant Clyde Knott. Neither the court nor the plaintiffs' attorney informed Pauline Knott that her father should file an appearance in order to defend the boundary action, and neither suggested that there was any impropriety involved in Pauline Knott's asserting the interests of her father.

On October 11, 1977, the plaintiffs filed a motion for a default judgment against Clyde Knott. No notice of this motion was given to either Clyde Knott or Pauline Knott, and the default judgment was granted the same day. The court entered judgment the same day, certifying that there was

590

no just reason for delay. V.R.C.P. 54(b). The judgment order was filed on Clyde Knott on November 2, 1977.

The trespass action against Pauline Knott came up for trial on October 11, 1978. At the beginning of the trial, Clyde Knott, now represented by counsel, moved to set aside the default judgment. This motion was denied, and the defendant Clyde Knott has appealed. The trial against Pauline Knott continued, and resulted in a judgment against her. This appeal, however, concerns only the denial of the motion to set aside the default judgment.

██ A motion for relief from judgment under V.R.C.P. 60(b) is addressed to the sound discretion of the trial court, and is available for review only when an abuse of that discretion is shown. *Bardill Land & Lumber, Inc.* v. *Davis,* 135 Vt. 81, 370 A.2d 212 (1977). Nevertheless, the denial for relief from a default judgment should have strong support. *Childs* v. *Hart,* 131 Vt. 241, 303 A.2d 139 (1973), and the court should be indulgent in opening decrees entered by default. *Id.; Philbrick* v. *Johnson,* 91 Vt. 270, 100 A. 110 (1917). We believe that in the present case an abuse of the trial court's discretion has been shown.

There were several procedural irregularities involved in the default judgment. The clerk of the court never entered the default of the defendant as required under V.R.C.P. 55(a). The relief granted by the decree was different from that requested in the complaint, being based on a different survey map, in violation of V.R.C.P. 54(c). No notice of the motion for default was sent to either Clyde Knott or Pauline Knott. Clyde Knott was not entitled to notice as he had not filed an appearance, V.R.C.P. 55(b)(3), but Pauline Knott had appeared, and was entitled to notice of this motion under V.R.C.P. 5(a). If she had received notice, she would have known that her attempted appearance for her father was insufficient.

██ We do not base our decision on these procedural irregularities, however. We have stated that this Court will not "permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney." *State Highway Board* v. *Sharrow,* 125 Vt. 163, 164, 212 A.2d 72, 73 (1965). This does not mean that pro se litigants are not

bound by the ordinary rules of civil procedure. *Id.* See also *Richardson* v. *Persons,* 116 Vt. 413, 77 A.2d 842 (1951). Nevertheless, the circumstances of this case require reversal. This action was brought against two closely related co-defendants, whose defenses were also closely related. The defendant Pauline Knott filed an answer to the complaint that was clearly intended to be an answer for both defendants. Included with her answer was a statement apparently signed several years earlier by Clyde Knott appointing Pauline Knott his agent regarding the property in question. During the hearing on August 24, 1976, Pauline Knott indicated that she intended to defend against the plaintiffs' boundary claim. Although the attorney for the plaintiffs stated at this hearing that Clyde Knott was the owner of record of the disputed land, neither he nor the court indicated to Pauline Knott that her father should file an appearance of his own, or that she could not represent his interests. We believe that this case presents an "unconscionable advantage" taken of a pro se litigant. *State Highway Board* v. *Sharrow, supra.*

Upon review of the entire record we are convinced that this cause must be remanded pursuant to our discretionary powers in order to prevent a failure of justice. *Town of Shelburne* v. *Kaelin,* 136 Vt. 248, 388 A.2d 398 (1978). The motion to set aside the default judgment should be granted.

*Reversed and remanded.*