# Leonard Bingham v. Bruce Tenney, Sr.

[573 A.2d 1185]

No. 86-367

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed January 26, 1990

Motion for Reargument Denied March 12, 1990

*Stephen S. Ankuda* and *Agnes S. Hughes* of *Parker, Lamb & Ankuda, P.C.,* Springfield, for Plaintiff-Appellee.

*Harlow Liccardi & Crawford, P.C.,* Rutland, for Defendant-Appellant.

**Allen, C.J.** In a statutory trespass action for the alleged cutting and removal of trees, defendant appeals from the trial court's denial of his Rule 60(b) motion for relief from judgment. We reverse and remand.

The trial court granted plaintiff's motion for summary judgment. The sole ground for granting the motion was that defendant had failed to oppose the motion by affidavit and therefore had failed to raise a genuine issue as to any material fact within the meaning of V.R.C.P. 56(c). Plaintiff filed an affidavit in support of his motion for summary judgment. Defendant did not file an affidavit in response and appeared at the hearing on the motion pro se. The court questioned defendant as follows:

THE COURT: Excuse me Mr. Tenney, is this true that as far as you are concerned you admit that you cut the trees but the question is—

MR. TENNEY: I don't admit cutting the trees because I never did.

THE COURT: You deny that you cut the trees?

MR. TENNEY: James Kelly was then our town constable. And he'll tell me, I went up to see him and he said no he did not see me cut a tree, but I watched another one cut a tree. This land that he's talking about is not my land. And my skidder was involved, yes. But my brother owns the land. We've owned it all my life. That's what this issue is all about. . . .

MR. ANKUDA: Mr. Tenney, did you move these trees over onto your property with a skidder?

MR. TENNEY: No, sir.

MR. ANKUDA: You didn't do that?

MR. TENNEY: No. Not on my property.

THE COURT: All right.

MR. ANKUDA: Onto the adjoining property to Mr. Bingham's?

MR. TENNEY: No, sir. It's on um, my brother's property.

MR. ANKUDA: Did you move these trees with your skidder?

MR. TENNEY: No, I didn't.

MR. ANKUDA: Who did?

THE COURT: Well—

MR. TENNEY: His son.

THE COURT: Let me interrupt (sic). This isn't a trial.

MR. TENNEY: My brother's son did.

The court subsequently issued an order for partial summary judgment, granting plaintiff's motion as to liability because defendant "did not respond with Affidavit to the Plaintiff's Motion for Summary Judgment," and ordered a hearing on damages. At a hearing on May 23, 1986, the court issued an oral decision awarding plaintiff $7,500 in damages for five trees cut, but denying treble damages. On June 20, 1986, defendant, through an attorney, filed a motion to vacate the summary judgment, supported by a memorandum and affidavits from defendant and his brother. Without explicitly citing V.R.C.P. 60(b)(1) and (6), defendant sought relief from judgment. As grounds for relief, defendant cited mistake, inadvertence, surprise and excusable neglect. V.R.C.P. 60(b)(1). The "Rule 60(b)" motion stated that defendant Tenney "was unaware of the legal requirements to oppose plaintiff's April 11, 1986 motion for summary judgment and did not understand that he was unable to participate on the issue of liability at a subsequent hearing." Defendant also asserted that plaintiff had sued the wrong person and accordingly requested such relief as justice required. The trial court denied

the Rule 60(b) motion for relief from judgment and defendant appealed.

A judgment order on the May 23, 1986 summary judgment decision was filed on July 1, 1986. On July 14, 1986, the court held a hearing on defendant's Rule 60(b) motion to vacate the order. The trial court announced its denial of the Rule 60(b) motion on July 24, 1986 and entered the order on August 12, 1986. Defendant filed a notice of appeal on August 6, 1986.* Plaintiff moved in this Court to dismiss the appeal as untimely, arguing that defendant filed the notice more than thirty days after the July 1, 1986 order granting summary judgment. We granted the motion to dismiss because Rule 60(b) does not toll the time within which an appeal must be filed. Defendant moved for reargument. We thereafter revised the entry order and granted the motion to dismiss only as to the judgment below, but denied the dismissal of the appeal from the trial court's August 12, 1986 order denying appellant's Rule 60(b) motion for relief from judgment. Consequently, the sole issue now before this Court is whether the trial court should have granted defendant's motion for relief from judgment under V.R.C.P. 60(b).

The decision on a Rule 60(b) motion is committed to the sound discretion of the trial court and will stand on review unless the record clearly and affirmatively indicates that such discretion was withheld or otherwise abused. *Reuther v. Gang*, 146 Vt. 540, 541, 507 A.2d 972, 973 (1986). The party challenging the denial has the burden of proving an abuse of discretion. *Margison v. Spriggs*, 146 Vt. 116, 119, 499 A.2d 756, 758 (1985). While Rule 60(b)(6) will not serve to relieve a party from its free, calculated and deliberate choices, it is invoked to prevent hardship or injustice and thus shall be liberally construed and applied. *Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.*, 149 Vt. 365, 368, 543 A.2d 1320, 1322 (1988). Defendant has met his burden and established that the trial court abused its discretion.

---

* Where a party files a notice of appeal after the announcement, but before the entry of a decision, the notice of appeal is treated as filed on the date of the entry of decision. V.R.A.P. 4. Therefore, we treat the notice of appeal of the denial of the Rule 60(b) motions as filed on August 12, 1986.

Defendant stresses his pro se status and emphasizes the duty of the court to treat pro se litigants fairly. *Vahlteich v. Knott*, 139 Vt. 588, 590, 433 A.2d 287, 288 (1981); *State Highway Board v. Sharrow*, 125 Vt. 163, 164, 212 A.2d 72, 73 (1965). He argues that his unfamiliarity with the formal requirements for responding to a motion for summary judgment caused his failure to respond properly to the plaintiff's motion by filing an affidavit. He contends that his position was one of no smaller disadvantage than the pro se litigant in *Vahlteich*.

*Vahlteich* concerned not only the inexperience of a pro se litigant but the harsh effects of a default judgment. In reversing the trial court judgment, we stated:

> The defendant Pauline Knott filed an answer to the complaint that was clearly intended to be an answer for both defendants. Included with her answer was a statement apparently signed several years earlier by Clyde Knott appointing Pauline Knott his agent regarding the property in question. During the hearing on August 24, 1976, Pauline Knott indicated that she intended to defend against the plaintiffs' boundary claim. Although the attorney for the plaintiffs stated at this hearing that Clyde Knott was the owner of record of the disputed land, neither he nor the court indicated to Pauline Knott that her father should file an appearance of his own, or that she could not represent his interests. We believe that this case presents an "unconscionable advantage" taken of a pro se litigant.

139 Vt. at 591, 433 A.2d at 288–89.

■■ Though the present case does not concern a default judgment, the same rule of unconscionability applies. In order to raise a genuine issue of material fact, Rule 56(c) provides that the adverse party "may serve opposing affidavits and a memorandum in opposition up to thirty days after the service of the motion upon the party." The trial court interpreted this rule to require that an adverse party file an affidavit in opposition to a motion for summary judgment. Nothing in our case law or the language of Rule 56 supports such a requirement. Indeed, the rule contemplates that judgment may be rendered without affidavits. In the present case, the record shows that the defendant

was questioned by the court and plaintiff's counsel. His responses clearly raised a genuine issue of material fact both as to the activities of defendant in cutting down the subject trees and the ownership of the land upon which the trees were located. His answers were reasonably detailed and addressed the allegations of the complaint and motion.

The use of oral testimony on motions under V.R.C.P. 43(e) is applicable to motions for summary judgment. See *Fortenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (where party needed more time to oppose summary judgment motion, but failed to follow procedure of Rule 56(f), party's counsel could have filed affidavit or, at the hearing, stated facts that required a continuance). A trial court should employ oral testimony sparingly and with great care, however, for a proceeding permitted by Rules 43(e) and 56(c) should determine only whether a genuine issue of material fact exists and should not become a preliminary trial. 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2723, at 61–62 (2d ed. 1983); see *Stewart v. RCA Corp.*, 790 F.2d 624, 629 (7th Cir. 1986). Here, the court and plaintiff's counsel questioned defendant. Having done so, the court could not thereafter ignore his answers. Once these statements became part of the record, the court should have denied the motion and set the matter for trial.

We conclude on the present facts that the trial court erred in its response to defendant's pro se status. The court erroneously concluded that an affidavit was essential to oppose the summary judgment motion. Even if the court correctly interpreted Rule 56, defendant's responses placed the court on notice that he could have raised genuine issues of fact and that his failure to do so was one of form, not substance. As we noted .in *Margison*, "in some situations, the trial court may exercise its discretion and refuse to grant summary judgment even though the legal standard appears to have been satisfied." 146 Vt. at 119, 499 A.2d at 758. The trial court was clearly apprised of important and relevant facts which could have defeated the motion for summary judgment though offered in a manner arguably not in compliance with the rule. We conclude based upon

review of the entire record that the trial court abused its discretion when, given these circumstances, it denied defendant's Rule 60(b) motion for relief. We remand this case pursuant to our discretionary powers in order to prevent a miscarriage of justice. See *Vahlteich,* 139 Vt. at 591, 433 A.2d at 289. The defendant should have his day in court on the merits.

Plaintiff contends that defendant's failure to timely appeal the final judgment forecloses relief under V.R.C.P. 60(b), relying on *Tetreault v. Tetreault,* 148 Vt. 448, 451, 535 A.2d 779, 781 (1987) ("motion for relief . . . not intended to function as a substitute for a timely appeal"). Plaintiff reads too much into *Tetreault,* which involved the filing of a motion for relief from judgment over five years after the entry of the final order that was never appealed. When a party alleges grounds for relief from judgment under Rule 60(b)(1), the rule requires only that the motion be filed "within a reasonable time" but "not more than one year after the judgment, order, or proceeding was entered or taken."

█ ·The motion was filed within a month of the court's oral decision on damages, obviously within a reasonable time. While defendant could have appealed the judgment, he chose to follow a more economical procedure by bringing his claim of error to the trial court. We will not penalize him for that choice on the mere technicality that an appeal also was available from the judgment order.

*Judgment reversed and the matter remanded.*