STATE OF VERMONT

SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Hawk's Nest South, LLP | } | Docket No. 84-5-10 Vtec |
| Conditional Use/PUD Applications | } | (Appeal from St. Albans Town DRB) |

**Decision on Multiple Motions**

This matter arises out of an appeal by individual appellants Pat Flanagan, Michael Flanagan, Barbara Parent, Pierre Parent, Sandra Bushey, Thomas Bushey, Paul Tarte, Helen Tarte, Stephen Begnoche, and Louise Ferland (collectively referred to as "Appellants") of a decision by the Town of St. Albans Development Review Board ("DRB") granting conditional use approval to Appellee-Applicant Hawk's Nest South, LLP ("Applicant"). Appellants all appear before the Court as self-represented litigants. Applicant is represented by William B. Towle, Esq. The Town of St. Albans ("Town") has also entered an appearance through its attorney, Vincent A. Paradis, Esq.

This Decision addresses three motions currently pending before this Court. Applicant has filed a motion objecting to the entry of appearance of the pro se litigants, as well as a motion to dismiss all non-appearing appellants. Applicant also has filed a motion to dismiss Appellants' original Statement of Questions filed June 15, 2010. Appellants have responded in opposition of each of these motions.

**Factual Background**

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1.  Applicant seeks conditional use approval for a 50-unit, three-story structure pursuant to the Planned Unit Development (PUD) provisions of the Town of St. Albans Zoning Bylaws & Subdivision Regulations ("Regulations").

2.  Applicant proposes that its 50-unit structure would be used as elderly housing, some of which would be offered at market rates of rental and some of which would be offered at below-market rates of rental.

3.  Applicant previously developed a structure, commonly known as the "Hawk's Nest" development, on nearby property. The record currently before us does not reveal the number of

1

units in the pre-existing "Hawk's Nest" development or its structural characteristics, although it appears to also be residential.

4.      The subject property is located on the south side of Upper Weldon Street and is owned by Ingleside Equity Group. This property is located in what the DRB described as a "transitional neighborhood" in the Commercial/Residential Zoning District. The subject property also lies within the Designated Growth Center Overlay Zoning District.

5.      After due notice and a public hearing (which commenced on October 22, 2009, was continued to January 14, 2010, and further continued to and completed on April 8, 2010), the DRB resolved to grant conditional use approval for the project pursuant to Regulations §§ 305(3) and 315(6), with certain conditions imposed by the DRB.

6.      Appellants' appeal of the DRB's decision to the Environmental Court was filed on May 20, 2010. Appellants claim to be abutting landowners and interested persons. Appellants also claim party status pursuant to 24 V.S.A. § 4465(b)(3).[1]

7.      Appellants Thomas Bushey, Louise Ferland, and Stephen Begnoche were present during the initial public DRB hearing concerning the project application. Stephen Begnoche gave comments at the October 22, 2009 hearing. Louise Ferland and Thomas Bushey provided testimony at the April 8, 2010 hearing.

8.      Appellants advised the Court in a letter dated June 23, 2010 of the designation of Thomas Bushey and Paul Tarte as their spokespersons for pretrial conferences.

9.      Appellants' original Statement of Questions was filed June 15, 2010. All of the Questions include language derived from specific Act 250 criteria, although the last Question (designated as Question 10) also asks whether the project conforms to §§ 305(3) and 315(6) of the Regulations.

10.     During an initial telephone conference on June 28, 2010 in which all parties were in attendance, it was suggested by Judge Durkin that Appellants correct their original Statement of Questions, narrowing it to a question of whether the proposed project conforms to the applicable provisions of the Regulations concerning conditional use approval.[2]

---

[1] 24 V.S.A. § 4465(b)(3) defines an interested person as a "person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality."

[2] The Court expressed concern about the originally filed Statement of Questions since the Questions raised were based upon the provisions of Act 250 and this appeal relates solely to a municipal approval.

2

11.     Appellants filed a Corrected Statement of Questions on July 16, 2010, limiting the scope of the appeal to the DRB's decision granting Applicant conditional use approval.

## Discussion

Our analysis of Applicant's motions to dismiss requires a deferential standard of factual review.  See In re Agri-Mark Indirect Discharge Permit Amendment, No. 63-4-10 Vtec, slip op. at 2 (Vt. Envtl. Ct. July 20, 2010) (Durkin, J.).  In order to grant a motion to dismiss we must conclude that, once taking all of the factual allegations presented by the non-moving party (here, Appellants) as true, it remains beyond doubt that the moving party is entitled to relief.  See Alger v. Dep't of Labor and Indus., 2006 VT 15 ¶ 12, 181 Vt. 309 (citations omitted).  We must regard as true "all well-pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences to be drawn from them, and take[] as false all contravening assertions in the movant's pleadings."  Knight v. Rower, 170 Vt. 96, 98 (1999).  We are cautioned that motions to dismiss are "not favored and rarely granted."  Gilman v. Maine Mutual Fire Ins. Co., 2003 VT 55, ¶ 14, 175 Vt. 554 (citation omitted).  In light of these standards, and for the reasons detailed below, we conclude that the extraordinary relief of complete dismissal of this appeal is appropriate at this time.

### A. Applicant's Objection to the Entry of Appearance for Pro Se Litigants

Applicant, by its first pending motion, seeks the dismissal of all Appellants as improper parties to this appeal.  In a subsequent filing, Applicant admits that Louise Ferland, Steven Begnoche, and Thomas Bushey "are proper parties to this appeal."  (See Applicant's Reply to Objections to Entry of Appearance for Pro Se Individuals by William Towele on June 23, 2010 Heading IV, filed Aug. 4, 2010).  We begin our analysis of this motion by reviewing the prerequisites for appealing the decision of a municipal land use regulatory proceeding.

In order to appeal a decision of an appropriate municipal panel to the Environmental Division of the Superior Court,[3] two statutory requirements must be satisfied.  See 10 V.S.A. § 8504(b)(1).[4]  First, the individual must qualify as an "interested person" as that status is defined by 24 V.S.A. § 4465(b).  See 10 V.S.A. § 8504(b)(1).  In this case, interested person

---

[3]  As of the July 1, 2010 implementation of legislation that restructured the Vermont judiciary, this Court is now officially known as the Environmental Division of the Vermont Superior Court.

[4]  10 V.S.A. § 8504(b)(1) provides that "[w]ithin 30 days of the date of the act or decision, an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding under that chapter may appeal to the environmental division an act or decision made under that chapter by a board of adjustment, a planning commission, or a development review board . . .."

status requires that an individual own or occupy property in the "immediate neighborhood" of a proposed land use project; demonstrate a physical or environmental impact on that "person's interest under the criteria reviewed;" and allege that the decision of the municipal panel is not in accordance with the "policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4456(b)(3). Second, the individual must have participated in the proceeding below. See 10 V.S.A. § 8504(b)(1). The term "participation" is defined under 24 V.S.A. § 4471(a) as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding."

Thus, we are called upon in the initial phase of this proceeding to determine whether each individual Appellant satisfies these two requirements and whether they can therefore properly participate as appellants in this case. As noted above, Applicant concedes that three of the individual Appellants satisfy both criteria and are therefore proper appellants to this appeal: Louise Ferland, Stephen Begnoche, and Thomas Bushey. (See Applicant's Reply to Objections to Entry of Appearance for Pro Se Individuals by William Towele on June 23, 2010 Heading IV, filed Aug. 4, 2010).

Applicant concedes that Ms. Ferland and Mr. Begnoche own or occupy neighboring properties—103 and 113 Upper Weldon Street, respectively. We note, however, that Mr. Bushey's initial claim of neighborhood property ownership is based upon his assertion that he is the spouse of an heir who is likely in the future to receive distribution of an interest in the property located at 111 Upper Weldon Street.[5] However, we have found no statutory authority for a person to be deemed an "interested person" because that person or that person's spouse may acquire an interest in neighboring real estate sometime in the future. Unless and until Mr. Bushey can show a conveyance to him of an interest in this property, he cannot use that claim to future ownership for purposes of securing interested person status in these proceedings. However, Applicant also concedes that Mr. Bushey resides at 93 Upper Weldon Street, which is within the immediate area of the project, and is therefore entitled to be regarded as an interested person under § 4465(b)(3).

Applicant also concedes that Ms. Ferland, Mr. Begnoche, and Mr. Bushey each satisfy the participation requirement because each provided testimony in the prior DRB proceedings. Because Louise Ferland, Stephen Begnoche, and Thomas Bushey have met the two statutory

---

[5] This property is currently the subject of proceedings before the local probate court.

requirements, they are proper appellants. The Applicant's motion to dismiss them from this appeal is therefore **DENIED.**

The circumstances concerning the remaining Appellants require further analysis. The Flanagans live over a mile away from the subject property, and the Parents live over sixteen miles away in the Town of Enosburg. No representation has been made as to why these individuals should be regarded as "interested persons" under § 4465(b)(3). Since these individuals do not own or occupy property within the immediate neighborhood of the project, we cannot define them as interested persons. Consequently, they each lack standing to appeal. See, e.g., Bostwick Road Two-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 6 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. Jan. 25, 2007) (unpublished mem.).

Helen Tarte, Paul Tarte, and Sandra Bushey own or occupy property within the immediate neighborhood, but they have presented no evidence to support a conclusion here that they participated in the proceedings below. In the absence of such a showing, they have no standing to appeal to this Court. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 15. ("Interested party status alone, without participation, does not qualify for automatic standing to appeal") (citing In re Appeal of Carroll, 2007 VT 19, ¶ 14, 181 Vt. 383). We are therefore compelled to **GRANT** Applicant's motion and dismiss Mr. and Ms. Flanagan, Mr. and Ms. Parent, Mr. and Ms. Tart, and Ms. Bushey as Appellants in this proceeding.[6]

## B. Applicant's Motion to Dismiss Appellant's Statement of Questions

Applicant has also requested that the Court disallow Appellants' Corrected Statement of Questions that was filed on July 16, 2010. Applicant additionally moves the Court to disallow four questions and to order clarification of the remaining question in Appellants' original Statement of Questions, filed on June 15, 2010.

Concerning the original statement, a majority of the Questions stated by Appellants are not applicable to the conditional use application now before this Court on appeal. Questions 1, 4, 8, and 9[7] are identified as having been based upon specific Act 250 criteria; their contents

---

[6] An individual who does not qualify as an appellant may nonetheless be able to participate as an interested person in a case that is appealed by someone else. See In re Mad River Valley Ambulance Service, No. 137-7-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 1, 2005) (Wright, J.) ("[T]he requirement that a party have participated in the hearing below, 24 V.S.A. § 4471(a), is only a prerequisite for bringing an appeal; it is not required in order to participate as an interested person in an appeal brought by another . . ..").

[7] Appellants' original Statement of Questions only contains five Questions (numbered 1, 4, 8, 9, and 10). They are not numbered sequentially; we assume that this numbering procedure was used to correspond to the numbered criteria of Act 250.

clearly reference provisions in 10 V.S.A. § 6086(a) and the applicable criteria used to review Act 250 permit applications. However, no such application is presently before us in this appeal. Although Appellants may present legal issues under Act 250 criteria in a separate permit proceeding brought under Act 250 (should such a permit be required), the scope of this appeal is limited to the decision of the DRB to grant conditional use approval for the project under the applicable Regulations.[8] Thus, the original Statement contains legal issues that are not relevant to the pending municipal conditional use application, and are therefore beyond this Court's authority to address in this appeal. As such, the original Statement of Questions is largely inapplicable to this appeal, as Applicant contends in its motion.

Applicant is also correct that Appellants may be barred from submitting new legal issues not presented in their original Statement of Questions, since our procedural rules so provide. See V.R.E.C.P. 5(f). However, this Court is also provided with some discretion in allowing an amended or corrected statement of questions to be filed, pursuant to V.R.E.C.P. 5(f). We conclude that, in this appeal at least, such discretion should be exercised, since doing so may protect pro se litigants from unfair disadvantage due to their inexperience with our legal procedures. See Vahlteich v. Knott, 139 Vt. 588, 590 (1981) (stating that, in the context of procedural irregularities, the court "will not 'permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney'") (quoting State Highway Bd. v. Sharrow, 125 Vt. 163, 164 (1965). Although self-represented litigants are still subject to the ordinary rules of civil procedure, trial courts should be cautious that they are not "taken advantage of by strict application of the rules of procedure." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22 (citation omitted); see also Vahlteich, 139 Vt. at 591.

In fact, Appellants have not presented entirely new legal issues in their Corrected Statement of Questions; their original Question 10 presented the legal issue of whether the pending application conformed to certain provisions of the Regulations. For this reason, we conclude that the more appropriate exercise of discretion is to allow the Corrected Statement of Questions to stand, particularly in light of the fact that Appellants are self-represented litigants who are admittedly unfamiliar with the legal procedures required by this Court, including V.R.E.C.P. 5(f).

---

[8] 24 V.S.A. § 4414(3) grants authority to municipalities to regulate conditional uses; Regulations § 305 outlines the process by which the Town may authorize conditional uses.

6

Furthermore, as Applicant admits in its own motion, the failure to raise proper legal issues in the initial statement of questions is not always fatal to an appellant's case. V.R.E.C.P. 2(d)(2)(iv) and 5(f) allow a statement of questions to be clarified upon approval by the Court. Appellants explain that they filed their Corrected Statement of Questions in accordance with instructions given by the presiding judge at the initial telephone conference of June 28, 2010. The undersigned has a similar recollection, and regrets not memorializing this direction in a subsequent entry order. Upon reviewing the tape recording of that conference, it is clear by the discussions that the Court suggested to Appellants' spokespersons Thomas Bushey and Paul Tarte that Appellants could respond to Applicant's motion to dismiss their Statement of Questions in a number of ways, including submittal of a "corrected" statement of questions that narrowed the issues to "applicable zoning regulations." (See Pretrial Telephone Conference (tape recording), June 28, 2010). This suggestion served as the Court's authorization, provided within the bounds of this Court's discretion, for Appellants to correct their Statement in order to be permissible for this Court's review. See V.R.E.C.P. 2(d)(2)(iv), 5(f); see also In re Northeast Kingdom Cmty. Action, Inc., Nos. 123-6-07, 128-6-07, 152-7-07 Vtec., slip op. at 2 (Vt. Envtl. Ct. Nov. 14, 2008) (Durkin, J) (referring to the Court's discretionary authority to allow expansion of the legal issues to be addressed in an appeal).

Appellants' corrected filing is permissible under V.R.E.C.P 2(d)(2)(iv) and 5(f). Because of this Court's duty to consider Appellants' pro se status and unfamiliarity with legal procedure, and because of the permission granted to Appellants during the initial conference, the Court will allow this appeal to proceed under the Corrected Statement of Questions, thereby rendering Applicant's motion to dismiss the original Statement of Questions moot. As such, Applicant's request for a ruling to disallow the Corrected Statement of Questions is **DENIED.**

## C. Applicant's Motion to Dismiss Non-Appearing Parties

Applicant's last motion alleges that the appearances of Paul Tarte and Thomas Bushey in the case thus far constitute an impermissible appearance on behalf of the other Appellants, and thus seeks to dismiss those appellants not appearing on their own behalf.

The right to represent oneself in litigation before the Court is codified in V.R.C.P. 79.1(d). In order to maintain adequate self-representation, pro se litigants must file their Entry of Appearance as a self-represented litigant, must individually sign all official documents filed with the Court, and must appear at trial in order to present testimony and other evidence relevant to their interests in the appeal. Each of the self-represented litigants has completed each of these

tasks on their own behalf thus far in these proceedings. They have not participated individually in the initial pretrial conference, but they are not required to do so by our procedural rules or applicable statute.

Appellants properly filed a letter on June 23, 2010 advising the Court of their designation of Mr. Bushey and Mr. Tarte as their spokespersons, which would only pertain to pre-trial conferences. To remain parties in this proceeding, each Appellant is obligated to sign and file individual pleadings and appear at trial to present their own testimony and other evidence. Allowing designation of a spokesperson or representative among multiple pro se litigants for pre-trial conferences is an efficiency measure frequently employed by the Court, and has become common practice. See In re Champlain Marina, Inc., Dock Expansion, No. 28-2-09 Vtec, slip op. at 2 n.2 (Vt. Envtl. Ct. July 31, 2009) (Durkin, J) (noting that where multiple pro se appellants had obtained representation in the midst of their appeal, "the Court could have exercised its discretion to ask Neighbors to appoint a representative to receive documents and distribute them to other appellants. The Court has done so in the past when an appeal involves a large number of unrepresented parties who have a common interest or neighborhood.").

A spokesperson's responsibilities extend to non-representational, pretrial matters; they serve as the contact point for other parties and serve as a spokesperson in pretrial conferences with the Court. The spokesperson does not "represent" the remaining litigants or their interests in any official capacity. Applicant's argument that Mr. Bushey and Mr. Tarte are representing others in violation of the privilege that is reserved only for licensed attorneys is unfounded. (See Applicant's Motions to Dismiss Questions and Non-Appearing Parties 3, filed July 27, 2010). Therefore, Applicant's motion to dismiss all "non-appearing" Appellants is **DENIED.**

### Conclusion

For all of the reasons more fully discussed above, we **DENY** Applicant's motion to dismiss Louise Ferland, Stephen Begnoche, and Thomas Bushey as Appellants in this proceeding, but **GRANT** Applicant's motion to dismiss Barbara Parent, Pierre Parent, Pat Flanagan, Michael Flanagan, Paul Tarte,[9] Helen Tarte, and Sandra Bushey as Appellants in this proceeding. In the event that these individuals wish to participate as interested persons in this proceeding, we will consider their standing as interested persons once they file the appropriate motion to intervene.

---

[9] Given that Paul Tarte is no longer an appellant in this proceeding, we no longer regard him as a spokesperson for the remaining Appellants.

With regard to Applicant's motion to dismiss the original Statement of Questions and disallow the Corrected Statement, we **DENY** Applicant's motion, concluding that Appellants' filing of the Corrected Statement of Questions renders that motion moot. Lastly, Applicant's motion to dismiss all parties they regarded as "non-appearing" is **DENIED**, given that that is an inaccurate description of their appearance in this proceeding.

Done at Berlin, Vermont, this 17th day of November, 2010.

_____
Thomas S. Durkin, Judge