*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-190

DECEMBER TERM, 2011

| | | |
|---|---|---|
| Jennifer Weiss | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Family Division |
| | } | |
| Jonathan Weiss | } | DOCKET NO. 67-4-10 Ledm |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Husband appeals from an order of the superior court, family division, denying a motion for relief from a divorce judgment. He contends the court abused its discretion in declining to address the motion. We agree, and therefore reverse and remand.

The record discloses the following. In April 2010, wife filed a complaint for divorce. The parties had been in a longterm marriage and had two teenage children. On February 15, 2011, husband and wife appeared before the trial court for a final status conference. Wife represented herself, husband appeared with counsel. The parties indicated that they had agreed to resolve most of the custody and property issues, although several remained, including the disposition of a pickup truck with a sizable loan that was solely in husband's name. The truck was used to transport several horses stabled at the marital home for use by their children. After considerable discussion, the parties appeared to agree on the following terms: wife would be awarded parental rights and responsibilities and would retain the marital home until the youngest child graduated from high school; husband would pay wife a property settlement of $75,000, which represented half of a trust fund established by husband's grandfather; wife would retain use of the truck for one year to transport the horses; and husband would pay wife an additional $3000 to apply toward the costs of the truck for one year, after which time it would be either sold or replaced.

The court summarized the agreement concerning the truck as follows: "And then a $78,000 transfer to [wife] by March 1 with her to then be responsible for the truck payment for one year. And then at the end of one year, you're going to have to agree on either sale, replacement or some other disposition of the truck." Following a recess, the court restated the agreement as follows: "There's going to be a $78,000 cash payment to [wife] by [husband] by March first and that [wife] will then be responsible for all of the payments on the infamous truck for the next twelve months, at which time [wife] and [husband] are going to agree on some sale, replacement or other disposition of the truck." The court indicated that it would issue an order based on its notes and the terms as described.

The final divorce judgment, issued on March 8, 2011, provided—with respect to the truck—as follows:

> [Wife] may retain, and use the truck . . . for a further period of one (1) year from the date hereof, and [husband] shall continue to be responsible for, and pay all major truck-related expenses, such as current monthly loan amount ($572), insurance and repair/upkeep. [Wife] shall be solely responsible for all day-to-day truck expenses, such as fuel. At the end of one year, the parties shall mutually agree on a replacement for, sale, or other disposition of the truck, the loan for which is in [husband's] name only, and for which he retains ultimate responsibility.

On March 16, 2011, husband moved to alter or amend the judgment, asserting that it failed to correctly memorialize the parties' agreement to share legal rights and responsibilities for the children. On April 19, 2011, the court issued a brief entry order granting the motion.

On April 15, 2011, husband filed a motion for relief from judgment, citing a second alleged error in the final judgment. Husband asserted that the order failed to correctly assign wife the responsibility for the costs of the truck for one year, as summarized by the court and agreed at the hearing, and requested an amendment of the judgment accordingly. The trial court denied the motion in brief entry order that stated, in its entirety, as follows: "This case is probably [the] last time the court will try to accommodate the parties, [and] attempt to act as both mediator and scrivener, on the fly [and] in the courtroom, at what was supposed to be just a status conference." This appeal followed.

A motion for relief from judgment under V.R.C.P. 60 is "committed to the sound discretion of the trial court," and we will not disturb its ruling unless that discretion is withheld or abused. Bingham v. Tenney, 154 Vt. 96, 99 (1990). In his motion here husband claimed that the divorce judgment mistakenly failed to assign wife the car payments for one year from the date of the judgment, as agreed at the hearing. Whether this is characterized as a "clerical" or scrivener's error under V.R.C.P. 60(a) or a "mistake" under V.R.C.P. 60(b)(1), the court's responsibility was to address and resolve the claim. See Sec'y, Vt. Agency of Natural Res. v. Irish, 169 Vt. 407, 419 (1999) (observing that the trial court "has a fundamental duty to . . . resolve the issues before it, and provide an adequate basis for appellate review"). Instead, as the record shows, the court expressed regret that it was induced to mediate the dispute at the status conference and apparent frustration with husband's second motion to correct the judgment, but otherwise failed to address the claim. Accordingly, we conclude that the decision denying the motion must be reversed, and the matter remanded for further consideration.

Reversed and remanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

2