*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-265

DECEMBER TERM, 2012

| | |
|---|---|
| Dayco, Inc. | } APPEALED FROM: |
| | } |
| | } Superior Court, Windsor Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Al Bergeron and Paula Bergeron | } DOCKET NO. 228-4-12 Wrcv |
| d/b/a Bergeron's Service Center | |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Tenants appeal from a judgment of the superior court, civil division, awarding landlord back rent of $20,812.76 plus costs and interest.  They contend the trial court erred in admitting several exhibits under the business-records exception to the hearsay rule.  We affirm.

The record evidence may be summarized as follows.  In January 2003, tenants entered into an oral agreement with landlord to lease a portion of a warehouse in West Hartford to conduct an automobile-service business.  Tenants agreed to pay rent of $600 per week, and to be responsible for all utilities and snow plowing.  The rent later increased to $750 per week. Alleging that tenants were in substantial arrears, landlord terminated the lease at the end of 2011 and filed a complaint for unpaid rent.  Tenants counterclaimed for damages allegedly arising from landlord's failure to maintain the premises.

A one-day trial was held in June 2012.  Landlord was represented by counsel; tenants represented themselves, although they are represented by counsel on appeal.*  Landlord submitted ten exhibits in support of his claim, three of which are the subject of this appeal. Exhibit 3 was described by landlord as a "recap that was done by my accountant in the office to determine how much monies were owed for specific years, and how much money was paid and how much money was due."  Exhibits 5 and 10 were described by landlord as spreadsheets in which "running balances were kept" of rents due and paid.  He explained that they were "developed by someone in my office that showed the monies that were due each week and credits that were applied as the year progressed."  Tenants later also referenced the "spreadsheets that we were getting from" landlord.

The record shows that the trial court inquired of tenants if they had any objection to the admission of landlord's ten exhibits.  Tenants responded by asking, as to Exhibit 3, if it showed

---

* Although both tenants testified individually at trial, we refer to them collectively as tenants throughout for convenience.

"the amount he says we paid him in 2010?"  The court explained that objections to admissibility of a document are "not because you disagree with it" but rather relate to the sufficiency of the testimony to establish its authenticity, and that they could later cross-examine landlord about the amount claimed.  Tenants responded that they were "just . . . disputing the dollar figure for 2010."  The court again explained that the question was not whether they had a "disagreement" with the figures but whether the testimony showed that they were "internal business records generated in the business."  Tenants responded that they were concerned about the accuracy of the numbers, explaining: "[We're] trying to state that if that's what he says that we only paid him $21,000, [we] have a thirty-seven thousand dollar [figure] that we paid him in 2010."  The court made one more attempt, asking tenants to "articulate what the objection is" to the exhibits, observing that there appeared to be no "claim that these records are not what . . . [landlord] testified to . . . [that] they're business records."  Tenants responded, "Well, [we're] claiming . . . that there's quite a bit missing," referring to a number of rent credits which they  claimed were not shown in the documents.  The court again explained that tenants could "establish that in cross-examination" and admitted the exhibits.

Tenants submitted no documentation to support their claim that they were entitled to additional credits against rent.  At the conclusion of the hearing, the court ruled in favor of landlord, awarding back rent of more than $20,000, and ruled against tenants on their counterclaims.

On appeal, tenants assert that the trial court erred in admitting Exhibits 3, 5, and 10 under the hearsay exception for business records, V.R.E. 803(6).  Specifically, they claim that the evidence was insufficient to show that the records were "kept in the course of regularly conducted business," that they were "made at or near the time" by or from "information transmitted by a person with knowledge," or that landlord was a "qualified witness" to establish these requirements.  Id.  It is axiomatic, however, that "a hearsay issue may not be raised for the first time on appeal absent preservation by specific, timely objection during the proceeding."  In re Smith, 169 Vt. 162, 173 (1999).  The preservation requirement serves the "important goals" of "creating an adequate record for review, and allowing the trial court to correct any errors and rule on objections in the first instance."  State v. Erwin, 2011 VT 41, ¶ 14, 189 Vt. 502.

The record here shows that tenants raised no objection remotely related to the claims asserted on appeal concerning the business-records exception, nor indeed that they raised any objection whatsoever to the admissibility of the records.  Although the court inquired on several occasions whether tenants had any objection to the exhibits' admissibility as business records, and explained that the issue concerned the documents' reliability and authenticity rather than their accuracy—which tenants could explore on cross-examination—they raised no objection.  Although tenants' maintain that the gist of their arguments on appeal was "apparent from the context" and that they "repeatedly voice[d] . . . issues with the reliability and trustworthiness" of the exhibits, the argument finds no support in the record.

While we recognize tenants' pro se status entitles them to greater leeway on appeal with respect to the preservation requirement, it does not entirely dispense with it.  As we stated in In re Entergy Nuclear Vermont Yankee, LLC, "this flexibility, without more, is not sufficient to convince us" that tenants adequately raised below the issues they now argue on appeal.   2007 VT 103, ¶ 12, 182 Vt. 340; see also Valteich v. Knott, 139 Vt. 588, 590-91 (1981) (observing

that while Court affords greater flexibility to pro se litigants, "[t]his does not mean that [they] are not bound by the ordinary rules of civil procedure"). Nor, finally, are we free to address the claims as plain error. "[W]e consider plain error in civil cases 'only in limited circumstances, i.e., when an appellant raises a claim of deprivation of fundamental rights, or when a liberty interest is at stake in a quasi-criminal probation hearing." Pcolor v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 20, ___ Vt. ___ (quoting Follo v. Florindo, 2009 VT 11, ¶ 16, 185 Vt. 390). These circumstances are not present here. Accordingly, we find no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

3