**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-024



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

| | |
|---|---|
| Wells Fargo Bank, N.A., Trustee v. Fuad Ndibalema\* et al. | } APPEALED FROM:<br>}<br>} Superior Court, Washington Unit,<br>} Civil Division<br>} CASE NO. 207-4-18 Wncv<br>Trial Judge: Robert A. Mello |

In the above-entitled cause, the Clerk will enter:

Defendant appeals the trial court's denial of his motion to amend his counterclaims following a judgment in his favor on plaintiff's complaint for foreclosure.  We affirm.

Plaintiff filed this mortgage-foreclosure action against defendant in 2018.  Defendant filed an answer and several counterclaims.  Shortly thereafter, defendant moved for leave to amend his pleading to add two additional counterclaims.  The trial court dismissed defendant's original counterclaims in a March 2019 decision, explaining that they lacked supporting factual allegations sufficient to make them understandable.  In April 2020, following a bench trial, the trial court dismissed plaintiff's complaint with prejudice because plaintiff failed to prove it had standing to enforce the promissory note and mortgage.  Defendant appealed, arguing among other things that the trial court had not addressed his motion to amend his counterclaims.  We agreed that the trial court had never ruled on defendant's motion, so we reversed and remanded for the court to do so.  Wells Fargo Bank, N.A. v. Ndibalema, No. 2020-153, 2021 WL 3020740 (Vt. July 16, 2021) [https://perma.cc/M46L-6XT3].

On remand, the court described defendant's motion to amend as seeking to add two new counterclaims: that plaintiff violated 8 V.S.A. § 2922, which prohibits certain acts by loan servicers, and 18 U.S.C. §§ 1961-1968, the federal Racketeering Influenced and Corrupt Organizations Act (RICO).  The court noted that defendant's motion alleged problematic practices occurring in the lending industry at large and made vague assertions of fraud involving an inflated appraisal, but included virtually no specific factual allegations regarding his loan, who appraised the property, the appraisal itself, the relationship between appraiser and plaintiff or any other lender, or how plaintiff may have violated any of the laws referenced.  It determined that these proposed counterclaims alleged fraud, and therefore needed to meet the particularity requirement of Vermont Rule of Civil Procedure 9(b).  The court denied the motion as futile, explaining that, as with the original counterclaims, these new proposed counterclaims lacked a

coherent set of factual allegations to support them. Defendant filed a motion to reconsider, which the court denied. This appeal followed.

"Rulings on motions to amend are entrusted to the sound judgment of the trial court, and we will reverse only where there is an abuse of discretion." Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 43, 200 Vt. 125. Where, as here, permission is required to amend a pleading, Rule 15(a) provides that "leave shall be freely given when justice so requires." V.R.C.P. 15(a). Despite this liberal standard, the court may deny permission based on "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Perkins v. Windsor Hosp. Corp., 142 Vt. 305, 313 (1982).

Defendant does not identify any particular error that he believes the court made in denying his motion to amend. He suggests that the trial court should have afforded him another opportunity to plead his counterclaims because there was a reasonable possibility that an amendment could have cured his counterclaims' defects. However, his motion for reconsideration did not address any of the defects that the court noted in its order, despite conceding that his counterclaims alleged fraud and were subject to the Rule 9(b) pleading standard. Defendant's appellate brief is similarly lacking. Defendant's motion to amend did not contain any specific factual allegations pertaining to his loan or his appraisal, or plaintiff's conduct in relation to his loan or appraisal. Under these circumstances, it was appropriate for the trial court to deny the motion as futile. See Colby v. Umbrella, Inc., 2008 VT 20, ¶ 10, 184 Vt. 1 (affirming denial of amendment to add intentional-infliction-of-emotional-distress claim as futile under Vermont Rule of Civil Procedure 12(b)(6) where amended complaint lacked any facts supporting elements of such claim).

Defendant contends that he should be afforded more leeway because he is self-represented. He suggests that the court or plaintiff took "unconscionable advantage" of him as a self-represented litigant, citing Vahlteich v. Knott, 139 Vt. 588, 590 (1981). In Vahlteich, we vacated a default judgment against a self-represented defendant because several procedural irregularities resulted in the defendant not receiving a fair opportunity to appear and defend the claims against him. Id. at 590-91. By contrast, defendant here had a full and fair opportunity to plead his case. Indeed, he succeeded in obtaining a dismissal of plaintiff's claims after trial and attempted at least twice to state counterclaims. Vahlteich does not support reversal here.

Defendant baldly states that the trial court's ruling violates various constitutional provisions, including Chapter I, Article 4 of the Vermont Constitution and the Fourth and Fourteenth Amendments of the U.S. Constitution, but he elaborates no further. We decline to consider these undeveloped arguments. See V.R.A.P. 28(a) (requiring brief to contain concise statement of case, specific claims of error, appellant's contentions, and citations to legal authorities and parts of record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining that Supreme Court will not address contentions that do not minimally meet the standard under Vermont Rule of Appellate Procedure 28(a)); see also In re S.B.L., 150 Vt. 294, 297 (1988) (recognizing that it is appellant's burden "to demonstrate how the lower court erred warranting reversal" and that Supreme Court "will not comb the record searching for error").

In addition, defendant argues that the trial court erred by not granting him relief under Vermont Rule of Civil Procedure 60(b)(2) and (3) in response to his motion for reconsideration. He acknowledges that he did not mention Rule 60 in the reconsideration motion, but claims that he invoked the rule by alleging fraud and raising newly discovered evidence adduced in this

2

Court. Defendant's statement regarding new evidence in this Court is mistaken, as this Court does not make findings of fact or consider new evidence on appeal. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (noting that our review is confined to record of trial court proceedings and that "[o]n appeal, we cannot consider facts not in the record"). Although fraud is one ground for relief under Civil Rule 60(b), defendant concedes he did not raise this rule before the trial court, and we will not consider arguments made for the first time on appeal. See State v. Sole, 2009 VT 24, ¶ 13, 185 Vt. 504 ("Arguments that are neither litigated nor decided below will not be addressed for the first time on appeal." (quotation omitted)). Even if defendant had raised a Rule 60 argument below, defendant filed his motion for reconsideration before the appeal period had run and thus before the trial court's order became final. Therefore, Rule 60 would not have been an available mechanism. See V.R.C.P. 60(b) (providing that court may relieve party from "final judgment, order, or proceeding" (emphasis added)).

Finally, defendant suggests that plaintiff violated other state and federal laws, but he does not explain whether and how he raised these as counterclaims at the trial court. To the extent he renews his challenge to the trial court's dismissal of his original counterclaims, we reject that argument because we previously affirmed their dismissal. Wells Fargo Bank, N.A., 2021 WL 3020740, at *2. Insofar as defendant is raising new allegations, we decline to consider them for the first time on appeal. See Sole, 2009 VT 24, ¶ 13. Defendant has provided no reason to disturb the trial court's decision on his motion to amend, and we conclude that the court acted within its discretion to deny it.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

3