VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-01289



**Kyle Thayer v State of Vermont**

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss  (Motion: 3)
Filer:          Jared Christopher Bianchi
Filed Date:     July 28, 2025

Petitioner, Kyle Thayer, brings this action against Respondent, State of Vermont, seeking post-conviction relief on the ground that Petitioner received ineffective assistance of counsel in his criminal case.  The State has filed a motion to dismiss for failure to state a claim.  V.R.C.P. 12(b)(6).  It argues Petitioner failed to set forth a short statement of the claim, V.R.C.P. 8(a), and the petition contained no facts on which to base a claim.  Petitioner opposes the motion, arguing that Petitioner was pro se at time of filing, which relaxes the pleading standard.

Under V.C.R.P. Rule 12(b)(6) a petition will be dismissed if it does not set forth the claim and the grounds of the claim.  These grounds must be set forth in a "short and plain statement."  V.R.C.P. 8(a).  "The sufficiency of a complaint depends on whether it provides fair notice of the claim and the grounds upon which it rests."  *Richards v. Norwich*, 169 Vt. 44, 49, 726 A.2d 81, 85 (1999).  In reviewing a motion to dismiss, the Court takes all of the nonmoving party's factual allegations as true, and "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."  *Wool v. Menard*, 2018 VT 23, ¶ 6, 207 Vt. 25 (internal quotation marks and citation omitted).

Consequently, a motion to dismiss for failure to state a claim faces a high bar.  The Vermont Supreme Court has described the standard for Rule 12(b)(6) motions as "disfavored and rarely granted."  *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575.  The Court is also mindful that the filings of pro se parties receive some leeway when it comes to procedural matters in litigation, and courts should protect against "unconscionable advantage" being taken by the opponent of a pro se litigant, due to the latter's lack of knowledge of the rules.  See *State v. Menzie*, 2023 VT 48, ¶ 19, 218 Vt. 374 (quoting *Vahlteich v. Knott*, 139 Vt. 588, 590, 433 A.2d 287, 288 (1981)); *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219.

Here, Petitioner claimed, through use of a form provided for the purpose of filing for post-conviction relief, that he was subjected to police misconduct in violation of the Fourth Amendment; his confession and guilty plea were coerced in violation of the Fifth Amendment; he received ineffective assistance of counsel in violation of the Sixth Amendment; finally, he

Vermont Superior Court
Filed 10/14/25
Bennington Unit

experienced misconduct from the prosecutors on his case in violation of the Eighth Amendment. The form also allows the user to choose from pre-written grounds connected to these claims, which Petitioner circled or underlined.

However inartful, Petitioner's filing does present claims, and the use of circles around types of actions in connection to the claims give the grounds for those claims. However, the grounds are designed for broad applicability to the post-conviction relief process for the ease of use of this form. For this reason, this Court does find that the petition in the case is ambiguous without any additional, clarifying statements. It is difficult for the State to know what they must defend against, and the State would be prejudiced by having to respond to Petitioner's complaint in its current form. "If the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)." 10B Wright & Miller, *Federal Practice & Procedure: Civil* § 2739.

Therefore, the Court will treat the motion to dismiss filed by the State as a motion for more definite statement under V.R.C.P. 12(e). Accordingly, the Court grants the State's motion as one for a more definite statement. Petitioner is to prepare an amended complaint which must contain sufficient factual allegations supporting each element of the claims asserted. See *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1.

WHEREFORE, the motion is granted. An amended complaint shall be submitted to the Court and served within 30 days.

**Signed electronically October 13, 2025 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**