Filed 03/26/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04536

---

**Christopher Marchese Santos v Vermont DCF**

---

## ENTRY REGARDING MOTION

Title:     Motion for More Definite Statement; Motion ; Motion For: Exploratory Motion
(Motion: 7; 8)
Filer:     Christopher Marchese Santos; David R. Mclean
Filed Date:     January 16, 2025; January 29, 2025

Plaintiff brings this action against Defendant seeking damages flowing from various, unclearly delineated causes of action. Defendant has filed a motion for a more definite statement. Vt. R. Civ. P. 12(e). Plaintiff has not opposed the motion but has filed a "motion for exploratory motion." The Court makes the following determinations.

Vermont's Rule 12 parallels Federal Rule of Civil Procedure 12. "Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.,* 211 F.R.D. 71, 76 (E.D.N.Y. 2002). Typically, our Rules rely on discovery to flesh out the factual details of a plaintiff's claim.

Nonetheless, the Court has wide discretion in whether to grant a motion for a more definite statement. *Kuklachev v. Gelfman,* 600 F.Supp.2d 437, 456 (E.D.N.Y. 2009). Motions for a more definite statement are more likely to be granted in instances where potential threshold defenses exist that could turn on additional factual details. *See* 5C Charles Wright, Arthur

Miller, and Mary Kane, *Fed. Prac. & Proc. Civ.* § 1376 (3d ed.).  Additionally, they can be appropriate where the pleading fails to put a defendant on proper notice of the claim against it. *See Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (motion may be granted where "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it" (internal quotation omitted)); Vt. R. Civ. P. 8(a).

In this instance, the Court agrees that the complaint fails provide Defendant sufficient notice of Plaintiff's claim and that it would be prejudiced by attempting to respond to it.  While notice pleading is permitted under Rule 8, the instant complaint contains virtually no clearly stated facts that might form a basis for any specific claims.  Further, the motion raises the possibility of defenses, such as statute of limitations and immunity, that potentially could be implicated in this action. Absent some factual allegations, with linkage to legal claims, Defendant cannot make a determination in that regard or submit an appropriate answer.  While pro-se litigants are afforded some laxity by the Court, they are still "bound by the ordinary rules of civil procedure." *Vahlteich v. Knott*, 139 Vt. 588, 590-91 (1981).

The motion for a more definite statement is granted.  Plaintiff is to prepare an amended complaint.  It shall contain "a short and plain statement of the claim showing that the pleader it entitled to relief."  Further, the complaint must contain, at least, some factual allegations supporting each element of the claims asserted. *See Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1, 9.  The filing shall be made and served within 30 days.  Otherwise, the matter will be dismissed without prejudice.

*       *       *

As to Plaintiff's "motion for exploratory motion," to the extent it seeks discovery, the proper approach to such matters is to make a request to the opposing party, not the Court. Otherwise, the Court cannot discern the basis for the relief. On that basis it is denied.

WHEREFORE, the motion for a more definite statement is granted. An amended complaint shall be submitted to the Court and served within 30 days or the matter will be dismissed without prejudice.

The motion for exploratory motion is denied.

Electronically signed on Wednesday, March 26, 2025, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge